The important question in this case is, in whom did the title to the residuary estate vest, under the tenth clause of the will on the death of the testator? If in the minor children mentioned in that clause, then the judgment below must be reversed; if in the trustees, it must be affirmed.
The tenth clause contemplates and provides for two contingencies: 1st. The death of the testator after the youngest of the three children mentioned in that clause and then living, has attained the age of twenty-one years. 2d. His death while any of said children were minors.
The death occurred while all three of said children were minors, and hence, the provision made for the second contingency is the only one necessary to be considered in deciding the question arising on this appeal. That provision is, in substance, that the trustees are to hold, use and manage the residue of the estate until all of said three children, or the survivors or survivor of them shall become of age; — then to pay over such funds and their accumulations to them or the survivors or survivor in equal proportions, *Page 92 
share and share alike, until after the youngest living at his death should become of age.
By the third clause of the will the testator has expressly given all his estate to his executors in trust, for the uses and purposes of his will. These purposes were to pay his debts and personal expenses, — erect a monument — to pay legacies to sundry persons named, and amongst them, to his two eldest children, and then the rest and residue under the tenth clause above mentioned. It will be seen that the trust under which the executors hold the estate in question is not created by the tenth clause of the will, but by the third. But as it is by the tenth clause that the trust is extended to the residue of the estate, beyond the time when as executors, they should have paid the debts and legacies and performed the other duties imposed upon them, by the clause of the will preceding the tenth, it becomes necessary to enquire whether the trust as to the residue is a valid one, or whether it is not valid, because it suspends the power of alienation beyond the time limited in the statute.
It is conceded that if the absolute power of alienation is suspended by this clause beyond two lives in being at the death of the testator it is in violation of the statute and void.
By the very terms of the clause in question, the trustees are required to hold and manage the estate until the youngest of the three children named in it attains its majority. If, by this provision, the interest in the fund does not vest in the children until the youngest becomes twenty-one years of age, the trust is utterly void. But if the interest vests in the children on the death of the testator, but the fund is not payable to them until the happening of the event mentioned, then the power of alienation is not suspended and the trust (if it is one) is valid.
The decisions have been so numerous and the rules of construction alluded to have been so long and so rigidly *Page 93 
adhered to, that it is unnecessary to cite authorities in support of them.
The inquiry then is reduced to this: Did the shares of the children in the residuum of the estate vest in them on the death of the testator, or was the vesting postponed until the youngest came of age?
The first and most important duty devolving upon judges in the construction of wills is to ascertain the intention of the testator, and when ascertained, effect is to be given to it unless the language of the instrument precludes it.
To arrive at the intention of the testator in regard to the provisions for the minor children, it will not be necessary to look beyond the tenth clause, as the other clauses can have effect, whatever may be the construction given to the tenth clause; but, as I will afterwards show, the tenth clause cannot receive the construction contended for by the respondent's counsel without rejecting altogether the ninth clause, or, by retaining it, do injustice to the minor children provided for in the tenth clause.
1. It was the manifest intention of the testator to give to each of the three children one equal third part of the residuum of his estate, or, as he expresses it, "equal proportions, shareand share alike."
2. The division into shares is recognized and treated as having effect before the youngest child becomes twenty-one. It is provided that inasmuch as Rosine is considerably older than the others, and as it might happen that she ought not to be compelled to wait for her share until the others become of age, therefore the executors were authorized after her majority to make advances to her in anticipation of the receipt by her of her share. This provision is wholly inconsistent with an intention to postpone the vesting of the share until the majority of the youngest, for two reasons: 1st. Because payment may be actually before; and 2d, the accumulation of the fund for the benefit of those living at the time the youngest comes of age is defeated, because it *Page 94 
will have been previously paid over to those who were not intended to have any interest in it, according to the general scope and object of the tenth clause; or, to express the idea somewhat more clearly, if the object of the testator was to have the residue of the estate retained by the executors until the youngest came of age, and that no interest should vest in either until the happening of that event, it would follow that he must have intended that the child or children who should be living at that time should take the whole estate, unless the deceased should leave issue, and that the one dying should have nothing beyond a mere support, this object, I repeat, is defeated by permitting any one of the three living to have his or her share after majority or marriage, and before the youngest comes of age. I consider that it was competent for the testator to forbid the vesting until the happening of the event provided for, and in the meantime to authorize the payment of a part of the estate to him or her. But the question is not what he might do; it is what was it his intention to do. And I insist that when he authorized the payment of a part of his estate to one of the children to apply on its share before the happening of the event when it becomes entitled to full payment, an intention is clearly manifested that the division into shares should take effect at his death, so that each child had a share on which payment could be made.
3. The provision that the executors might advance and pay $500 on account of her share to either of the children marrying before she became entitled to her share, in order to enable her to procure an outfit, manifests an intention not to postpone the vesting of the interest in the children beyond his death.
4. The intention not to postpone the vesting until the youngest came of age is most clearly demonstrated in the last provision of the tenth clause. It is there provided that in case any of said three children should die before she became entitled to be paid in full the amount coming *Page 95 
to her for her share, and should leave lawful issue, her share shall immediately belong to and go to such issue; but if she dies without issue, then to the survivors. This clause is wholly inconsistent with an intention to give no vested interest in the residue except in such of the three children as should be living when the youngest came of age. By this provision the survivors can take but one-third, or it may be two-thirds, as the other share or shares are vested in the representatives of such as may be deceased.
I admit that the testator had the power to make all these provisions and yet the interest in the several shares not vest in the children at his death. But the question is not one of power, but of intention. Would he have made these provisions if his intention had been that the children should have no vested interest in any specific portion of the estate at his death.
The general intention would seem to have been to give to each of said minor children one-third of the residuum of his estate, as it would be at the time when the division should be made; — that is, so much as should remain after supporting all the children during their minority. Any advances made to either after coming of age, and all other advances, except for support and education, are required to be deducted from the share of each. In other words, payment of the shares was not to be fully made until the youngest attained its majority. This intention contravenes no statute or provision of law, and effect should be given to it if possible.
It remains to inquire whether the language of the will will allow effect to be given to the intention.
The question is not whether the language will bear some other construction — a construction which will defeat the intention or render the provisions of the will illegal and void, but whether it will permit a lawful intention to have effect.
The executors are required in the event of the testator's *Page 96 
dying during the minority of any of said three children, "to hold, use and manage the residue and remainder of the said trust funds until all of my said three younger children, or the survivors or survivor of them shall become of age, and then to pay over such funds and the accumulations thereof, to them or to the survivors or survivor of them in equal proportions, share and share alike. It may be conceded that this language, standing by itself, authorized the executors to hold in trust for a longer period than two lives in being at the death of the testator, but that is not the question. The intention being not to suspend the power of alienation unlawfully, is the language susceptible of a construction that will carry out such intention? Nothing is clearer than that if the power to hold and manage said fund is, as to the portion belonging to the three children, a mere power in trust, there is nothing in the clause in contravention of the statute, and it is a power in trust, if the interest vested in the children on the death of their father. I do not find anything in the will inconsistent with such a view of its provisions.
The right of the executors to retain in their hands the shares of said children and to invest them from time to time, for a period beyond two lives in being at the death of the testator, and then to pay over the same to the children, is not in violation of the statute, because there are at all times persons in being by whom a valid legal title to the property may be conveyed. (Gilman v. Reddington, 24 N.Y.R. 9.)
I have already alluded to the various provisions which speak of the interest of the children as shares belonging to them before any of them attain their majority; and although these shares are spoken of in some cases as shares which will belong to them at a future day, yet these expressions are consistent with an interest vesting at the testator's death, and in the last paragraph of the tenth clause the testator shows that whatever terms he may have used *Page 97 
to express his intention in previous clauses, in that he understood that the shares would vest at his death, and that payment only was suspended until the youngest attained its majority. He declares that in case any of said children shoulddie before she shall be entitled to be paid in full the amountcoming to her, her share shall go to her issue, if she shall leave any. It was payment only that was future; the share was to vest.
It seems to me quite clear that the three minor children are entitled to the residue of the estate; and that the judgment of the court below should therefore be reversed, and a new trial ordered — costs to abide the event.
If the tenth clause should be held void, the two older children of the testator would come in for shares of the residuary estate; and as they have each $500 by the ninth clause, it would follow that an unequal and inequitable distribution of the estate would result. To remedy this, the court below was compelled to put the elder children to their election — thus nullifying wholly the ninth clause in the event they elected to take as next of kin.
It is possible that my construction of the will may work as great, or even greater injustice; but it has one virtue, if no other, that it permits the testator to distribute his property in accordance with his views of the claims of his children upon him, and gives effect to every clause of his will and does not interfere with any.
SELDEN, INGRAHAM, and DAVIES, JJ., concurred.